**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

In Re:                  )
                     )   Case No. 20-43083-399
MICHAEL J. POIGNEE,      )
                     )   Chapter 7
        Debtor.           )

## TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF TENANCY BY ENTIRETY EXEMPTION

COMES NOW Charles W. Riske, Trustee in Bankruptcy for Michael J. Poignee, and for his Objection to Debtor's Claim of Exemptions respectfully states as follows:

1.      Debtor Michael J. Poignee ("Debtor") filed his voluntary individual petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq*. (the "Code"), on June 17, 2020 (the "Petition Date") in the United States Bankruptcy Court for the Eastern District of Missouri (this "Court").

2.      Trustee Charles W. Riske ("Trustee") is the duly appointed qualified Chapter 7 Trustee in the bankruptcy case.

3.      On June 8, 2020, Debtor's spouse, Melinda K. Poignee ("Spouse"), filed her voluntary individual petition under Chapter 7 of the Code in this Court under Case No. 20-42938.

4.      Debtor also filed his Schedule C in which he claimed exemptions with respect to various assets pursuant to 11 U.S.C. § 522(b)(3)(B).

5.      Section 522(b)(3)(B) of the Code allows an individual debtor to exempt certain property of the estate and provides as follows with respect to such property:

> Property listed in this paragraph is– any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under nonbankruptcy law.

11 U.S.C. § 522(b)(3)(B). Under Missouri law, tenancy by entirety property is only reachable by joint creditors of the couple. *In re Haines*, 528 B.R. 912, 919 (Bankr.W.D. Mo. 2015) (citing *In re Garner*, 952 F.2d 232, 235 (8th Cir. 1991)).

6.      It follows that tenancy by entireties property may be reached by the trustee to the extent necessary to pay joint debts. *Id*. at 919–920.

7.      Upon information and belief, the assets claimed as exempt by Debtor[1] under Section 522(b)(3)(B) are tenancy by entireties properties, which are not exempt from joint debts.

8.      Trustee objects to Debtor's exemption of all assets claimed as exempt under Section 522(b)(3)(B) of the Code, in order to allow Trustee to administer upon such assets in to the extent of any and all joint debts.

WHEREFORE, Trustee Charles W. Riske respectfully prays this Court enter its order denying Debtor's claim of exemptions as to any assets listed on Debtor's Schedule C for which an exemption is claimed under 11 U.S.C. § 522(b)(3)(B) to the extent of any and all joint debts, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

*/s/ Robert E. Eggmann*
ROBERT E. EGGMANN (MO #37374)
THOMAS H. RISKE (MO #61838)
120 South Central Ave., Suite 1800
St. Louis, MO 63105
(314) 854-8600
(314) 854-8660 (fax)
ree@carmodymacdonald.com
thr@carmodymacdonald.com

ATTORNEYS FOR CHARLES W. RISKE, TRUSTEE

---

[1] Which same properties also claimed as exempt by Spouse on Schedule C in her bankruptcy case.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of this document was filed electronically with the United States Bankruptcy Court and has been served on the parties in interest via email by the Court's CM/ECF system as listed on the Court's Electronic Mail Notice List on this 10th day of August, 2020.

/s/ *Robert E. Eggmann*